## STATE *v.* ROBERT S. BARKER.

It is not necessary in an indictment against one as a common seller of liquor, to set forth the mode or manner in which he was not appointed an agent of a town or city. A simple averment that he was not such agent at the time of the sales complained of, is sufficient.

THIS defendant was found guilty upon an indictment charging him with the offence of common selling, under the eighth section of the act for the more effectual suppression of drinking houses and tippling shops; but before judgment he moved in arrest, on the ground that the indictment alleged, that at the times when he is charged thereby with being a common seller of ale, wine, &c., at Newport, he was not a legally appointed agent of the town of Newport for the sale of liquor for any purpose whatever: *whereas,* (he contended,) the indictment should allege that he had not been duly appointed an agent for selling for certain purposes by the Mayor and Aldermen of the city of Newport.

The motion was heard at the August term, 1855, and continued for advisement until the present term.

*W. H. Cranston* for defendant.

*Hart, Attorney General,* for the State.

State *v.* Robert S. Barker.

STAPLES, C. J.   It is not necessary in an indictment for this offence, to set forth in the indictment the mode or manner in which the defendant was not appointed agent of the place where the sales of liquors are made, to make sales in such place.   An averment that he was not " duly" or was not " legally" appointed, or that he " was not appointed" such agent, or " was not such agent," at the time of the sales complained of, is fully sufficient.

*Motion overruled.*